# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SAMUEL ROOSEVELT JONES,

        Defendant-Appellant.

UNPUBLISHED
September 14, 2017

No. 332238
Wayne Circuit Court
LC No. 15-004675-01-FH

Before: GADOLA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of carrying a concealed weapon, MCL 750.227, felon in possession of a firearm, MCL 750.224f, felon in possession of ammunition, MCL 750.224f(6), and possession of a firearm during the commission of a felony (felony firearm), second offense, MCL 750.227b. He was sentenced, as a fourth habitual offender, MCL 769.12, to two to five years' imprisonment for each conviction. We affirm.

Defendant's convictions arise from him pulling out a gun at a party store after someone took his cell phone that had been sitting on the store counter. The loaded gun was recovered from the vehicle he was driving.

On appeal, defendant first argues that his convictions were in violation of the double jeopardy protections guaranteed by the United States and Michigan constitutions. We disagree.

"A double jeopardy challenge presents a question of constitutional law reviewed de novo on appeal." *People v Ackah-Essien*, 311 Mich App 13, 30; 874 NW2d 172 (2015). "Generally, jeopardy attaches in a jury trial once the jury is empaneled and sworn." *Id.* at 32. "Once jeopardy attaches, the defendant has a constitutional right to have his or her case completed and decided by that tribunal." *Id.* However, "[i]f the trial is concluded prematurely" and "the defendant consented to the interruption[,]" then a retrial for the same offense is not prohibited. *Id.* (citation omitted).

In this case, the jury in defendant's first trial was dismissed after it had been empaneled but before it was sworn in, because of issues with defendant's trial counsel and scheduling conflicts with some of the jurors. Before defendant's second trial began, he argued that there may be a double jeopardy issue because he believed that the jury had been sworn in twice (before voir dire and after being empaneled) and that jeopardy may have attached. However, the

-1-

trial court proceeded, based on the minutes from the first trial and the recollection of the prosecutor that the first jury had not been sworn in after it was empaneled. The transcripts from the first trial, which were not available before defendant's second trial began, confirmed that the jury was not sworn after being empaneled.

Defendant now argues that a second oath is not required for jeopardy to attach and relies on *People v Cain*, 498 Mich 108; 869 NW2d 829 (2015), to support his position. In *Cain*, the clerk mistakenly gave the empaneled jurors the oath given before voir dire, not the juror's oath. *Id*. at 113. While our Supreme Court emphasized the importance of the juror's oath, it concluded that the fairness, integrity, and public reputation of that particular proceeding was not seriously affected. *Id*. at 118-119, 128-129. The Court did not hold, or even imply, that the juror's oath is not required for jeopardy to attach. See *id*. at 121-124. Accordingly, because the jury in defendant's first trial had not been "empaneled and sworn," jeopardy had not yet attached. See *Ackah-Essien*, 311 Mich App at 32.

Moreover, when the trial court asked for any objections to starting over with a new jury, noting that the jury had not yet been sworn in, defendant did not object to this course of action. Accordingly, because defendant consented to a new trial with a new jury, a retrial was not prohibited even if jeopardy had attached. See *id*. Therefore, defendant's second trial was not in violation of double jeopardy.

Next, defendant argues that he was denied a fair trial when the prosecutor engaged in misconduct by cross-examining him as to the truthfulness of the testifying police officers. We disagree.

Defendant failed to preserve the issue of prosecutorial misconduct for appellate review because he did not "contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). This Court reviews unpreserved issues for plain error affecting substantial rights. *Id*. That is, this Court will only reverse where the plain error resulted in the conviction of an innocent defendant or seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. *Id*. at 475-476 (quotation marks and citation omitted). Further, where a curative instruction could have alleviated any prejudice, there is no error requiring reversal. *Id*. at 476 (citation omitted).

At trial, the prosecutor asked defendant multiple times whether he heard the police officers' testimony and asked defendant to comment on the officers' truthfulness. Specifically, the prosecutor asked defendant, "[s]o your testimony, then, is that these Officers made that up?" The prosecutor also asked defendant if the police officers "made up the fact that you went and got your gun, but they didn't make up the fact that you came to them with a complaint about your stolen [phone], correct?" And when defendant testified that he did not have a gun at all, the prosecutor stated, "[o]kay. So, these Officers are just making up what they saw?" Any comments by defendant as to the testifying police officers' truthfulness were in response to direct questions by the prosecutor.

"Generally, '[p]rosecutors are accorded great latitude regarding their arguments and conduct.' " *People v Cooper*, 309 Mich App 74, 91; 867 NW2d 452 (2015), quoting *People v*

*Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). However, our "Supreme Court has held that it is improper for a prosecutor to ask a defendant to comment on the credibility of prosecution witnesses because his or her opinion 'is not probative of the matter.' " *People v Gaines*, 306 Mich App 289, 308; 856 NW2d 222 (2014), quoting *People v Buckey*, 424 Mich 1, 17; 378 NW2d 432 (1985). Accordingly, the prosecutor erred when she asked defendant to comment on the truthfulness of the testifying officers. However, as in *Gaines*, 306 Mich App at 308, in this case, a timely objection could have cured this error and the trial court instructed the jurors that the testimony of a police officer "is to be judged by the same standards you use to evaluate the testimony of any other witness[,]" the jurors must decide which witnesses to believe and the facts of the case, and the attorney's questions to the witnesses are not evidence.

Further, in *Buckey*, 424 Mich at 16-17, our Supreme Court considered similar improper questioning, where the prosecutor asked the defendant whether he believed the complainant, a detective, and four witnesses were lying. The defendant answered that the witnesses were either lying, did not realize what was happening, or were lying about certain things. *Id*. at 7 n 3. While the Supreme Court agreed that the prosecutor improperly asked the defendant to comment on the witnesses' credibility, it held that the error did not unfairly prejudice the defendant. *Id*. at 17. The Court noted that the prosecutor was trying to "discredit defendant by inviting him to label prosecution witnesses 'liars[,]' " but concluded that "the substance of the exchange indicates that defendant dealt rather well with the questions[,]" and the Court could not discern how the defendant was harmed by them. *Id*. Defendant argues that this case is distinguishable from *Buckey* because this case is a pure credibility contest. But this is not a case involving a one-on-one credibility contest. In this case, multiple police officers testified to essentially the same version of events, but from their own perspective. Accordingly, defendant did not establish that the prosecutor's improper questions affected his substantial rights.

Finally, defendant argues that his trial counsel's failure to object to the improper questioning denied him the effective assistance of counsel. We disagree. Because defendant did not file a motion for a new trial or seek a *Ginther*[1] hearing in the trial court, our review is limited to mistakes apparent on the record. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).

Counsel is presumed effective, and a defendant has a heavy burden to prove otherwise. *Id*. To establish a claim of ineffective assistance of counsel, " 'the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant.' " *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016), quoting *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Garza*, 246 Mich App 251, 255; 631 NW2d 764 (2001).

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Although we agree that the prosecutor improperly questioned defendant regarding the truthfulness of the testifying police officers, defendant has not shown that his trial counsel's failure to object to the improper questions was objectively unreasonable under the circumstances. Given that it was clear that defendant's testimony contradicted that of the police officers, it was not unreasonable for trial counsel to allow defendant to agree that the officers had "made up" their testimony. In fact, trial counsel's closing argument focused on the argument that the police officers should not be believed, and defense counsel even expressly stated that one of the officers lied. Accordingly, trial counsel's failure to object could reasonably be viewed as trial strategy, which this Court will not second guess. See *id*.

Further, as stated above, the trial court instructed the jurors that police officers are to be judged by the same standards as any other witness, the jurors must decide which witnesses to believe and the facts of the case, and the attorney's questions to the witnesses are not evidence. Accordingly, because defendant did not show that he was prejudiced by the prosecutor's improper questions, he cannot establish that his counsel was constitutionally ineffective.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle

-4-